## Commonwealth v. Bankert.

*Children — Maintenance — Parents of children divorced—Children clandestinely removed from custody of father into another state—Acts of April 13, 1867, and June 15, 1917.*

1. The mother of children, aged respectively eleven and thirteen years, who had been divorced from their father and married to another, clandestinely took the children from the custody of their father, who was supporting them, into another state and there placed them in the care of other persons. The father declared his willingness to support them upon their return to him, and the evidence offered to show his unfitness to care for them was not convincing, nor was there satisfactory evidence of improved conditions where the children were: Held, that an order on the father for the maintenance of his children should be refused.

2. The Acts of April 13, 1867, P. L. 78, and its supplement of June 15, 1917, P. L. 614, do not apply to such a case.

Petition for maintenance of children. Q. S. York Co., June T., 1923, No. 10.

*W. W. Van Baman,* District Attorney, for Commonwealth.

*Harvey A. Gross,* for defendant.

WANNER, P. J., Dec. 10, 1923.—The complaint that this defendant has wilfully neglected and refused to support his two minor sons is not sustained by the evidence.

On the contrary, it appears that after his wife had left him and procured a divorce, these children remained in his custody, and were maintained and supported by him at his home in Hanover, Pennsylvania, until his former wife, who had married again and moved to Maryland, came back, and in his absence, and without his knowledge or consent, took these children out of the Commonwealth and into the State of Maryland, where they have since remained.

It further appears that she does not keep and maintain them in her own present home, but has placed them in the care and custody of other parties, and much of her time is spent in traveling elsewhere with her present husband.

The respondent declares his willingness to continue to support his children in his own home, and offers to do so upon their return to him. The children are respectively eleven and thirteen years of age, and he is, therefore, lawfully entitled to their custody until the court, in a proper proceeding, has declared otherwise.

The prosecutrix, however, without any legal authority, clandestinely removed the children, and demands that the father shall now support them at such place with such parties, and under such circumstances, as she may choose for them.

She has taken them out of the jurisdiction of the court, so that they cannot be protected by it, nor could it, upon making an order of support, provide that the father should have the privilege of access to, and communication with, his children for their protection.

In our opinion, the court cannot, by an arbitrary order of support, sanction this course of procedure on the part of the prosecutrix, and place the father and the children at the legal disadvantage which would ensue if the court should take such action.

The testimony offered to show that the father's personal habits of life were dissipated, that he is so unfit to care for his children as to make it necessary for their removal from him, was not convincing, and it was not coupled with such evidence of improved conditions of life where the children now are as would justify the court in ordering payment for their maintenance to the

mother herself, with whom they do not live, and who is now the wife of, and presumably under the control of, the second husband.

The proven facts and circumstances of this case do not, in our opinion, bring it within the expressed purpose and intent of the Act of April 13, 1867, P. L. 78, and its supplement of June 15, 1917, P. L. 614, or within the decisions of the courts construing that legislation.

We find no reported case on all-fours with the facts and circumstances appearing in this instance.

And now, to wit, Dec. 10, 1923, an order of maintenance is refused and the case is dismissed.                         From Richard E. Cochran, York, Pa.